*Daniel Chipman* and *Darius Chipman,* for the plaintiff.

—— ——, for defendants.

——•❀•——

ELISHA CLERK, Judge of Probate,
*against*
WHITFIELD FOSTER and others.

ORDER of the Supreme Court of Judicature reversed.

The plaintiff brought an action against the defendants as obligors in an administration bond, executed to him in his official capacity, dated 21st of

*[margin:] Parker v. Bixby and Osgood.*

*[margin:] The Supreme Court will reverse an order made by them, when it is discovered and decided to be against an existing statute.*

Clerk
v.
Foster et al.

October, 1788, conditioned that *Whitfield Foster* and *Jonathan Parker*, junior, administrators on the estate of *Solomon Johns*, deceased, should exhibit an inventory of the intestate's estate, &c. in the usual form. This action was entered at the *Rutland* County Court on the third *Tuesday* of *November*, 1797, came by appeal to the Supreme Court, and at the *May* adjourned term, 1800, the defendants, on motion, obtained an order of the Court that the name of the person on whose application the suit was brought, should enter as prosecutor. At the *February* term, A. D. 1802, the plaintiff filed the following motion, which was argued and reserved for consideration, and judgment delivered this term.

*State of Vermont.*

Supreme Court of Judicature, *Rutland* County, *February* term, A. D. 1802.

*Elisha Clerk*, Judge of Probate,

v.

*Whitfield Foster* and others.

And now the said *Elisha Clerk* moves and prays the Court here, that a certain rule and order of said Court, heretofore made in the case aforesaid, may be reversed and annulled, which said order is as following, to wit :

Supreme Court of Judicature, *Rutland* County, *May* adjourned term, A. D. 1800.

Present in Court,

Honourable *Enoch Woodbridge*, Chief Judge.
*Noah Smith*, Assistant Judge.

*Elisha Clerk*, Judge of Probate,

v.

*Whitfield Foster* and others.

It is ordered by the Court, that the person on whose application this suit was instituted in the name of the said *Elisha Clerk*, enter as prosecutor, agreeably to the statute in such case made and provided, and that the said prosecutor assign the breach or breaches of the condition of said bond, agreeably to the said statute, and that the pleadings be closed accordingly, before said cause proceed to trial.

Per order,

*Nathan Osgood*, Clerk.

And of this the said *Elisha* prays judgment, because, he says, that the bond aforesaid, on which the action aforesaid was commenced, became by law forfeited to him in his capacity of Judge of Probate as aforesaid, before the enacting of the statute aforesaid, and for that the action aforesaid, and pleadings in the same, were commenced, made, and had before the passing and enacting of the said statute; for that by said order said statute is made to have an *ex post facto* effect upon the action aforesaid, and for that the said order is illegal, and against the rights of a party vested before the making thereof, and tends unlawfully to call in and make other parties to the suit, and to vest them with the rights of the plaintiff, all which the said *Elisha Foster*, Judge of Probate as aforesaid, is ready to verify, when and where he ought, &c. Wherefore he prays, &c.

By

*Cephas Smith*, junior,
*Chauncey Langdon*,
*Samuel Walker*, his attorneys.

Clerk
v.
Foster et al.

At *Bennington* term and County, *February*, A. D. 1802, in the cause of *Nathaniel Brush, Esquire, Judge of Probate*, v. *Joseph House et al.* vid. *ante*, this volume, p. 87. it was decided, " that in an action in the name of the Judge of Probate, upon an administration bond, where the bond is dated and the writ tested anterior to the passing of the present act for the probate of wills, &c. the Judge of Probate cannot be compelled to certify the name of the person applying to him to prosecute under the 103d section of that act; and this decision having settled the main question in this case, the Court directed that the order of the Court, of *May* adjourned term, A. D. 1802, should be reversed.

The plaintiff then assigned certain breaches of the condition of the bond, and issue joined to the Court, who found for the plaintiff, with one cent damages and costs.

*Cephas Smith*, junior, *Chauncey Langdon*, and *Samuel Walker*, for the plaintiff.

*Daniel Chipman* and *Darius Chipman*, for defendants.